CLD-225                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1372
_____

KOFI BAYETE,
Appellant

v.

MICHELLE RICCI, Administrator of New Jersey State Prison;
DONALD MEE, Associate Administrator of New Jersey State Prison;
ALLAN MARTIN, Medical Doctor;
S.C.O. BROOKS; S.C.O. SEAISLE JONES;
DR. ALLEN MARTIN, (formerly) of New Jersey State Prison,
now working at South Woods State Prison;
NURSE SUE ANDERSON; JOHN DOE

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-08-cv-03941)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2012

Before:  RENDELL, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: July 25, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Pro se appellant Kofi Bay-e-te[1] appeals the District Court's order dismissing a complaint he filed pursuant to 42 U.S.C. § 1983. Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment pursuant to 3d Cir. LAR 27.4 and I.O.P. 10.6.

I.

In 2008 Bay-e-te filed a complaint alleging violations of his rights under the Eighth Amendment, the Due Process Clause, and the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-2(c). He claims to have suffered cruel and unusual punishment at the hands of various defendants arising out of their alleged deliberate indifference to his serious medical needs during a lockdown in 2006. He claims that systematic, atypical, and significant delay and denial of medical care with respect to a foot condition at that time violated his rights under the Eighth Amendment and the NJCRA, and that this same delay and denial also violated his rights under the Due Process Clause. Specifically, pursuant to his original complaint he claims that defendants Ricci and Mee as prison administrators, and Martin as a prison doctor, caused his cellulitis as a result of their failure to provide adequate medical treatment; that failure, he claims, constitutes deliberate indifference to his urgent medical needs, cruel and unusual

_____

[1] Because appellant has expressed a preference for this spelling of his surname, despite

punishment, and atypical and significant hardship in violation of his rights under the Eighth Amendment, the Due Process Clause, and the NJCRA. He further claims, pursuant to an amended complaint, that defendants Jones, Brooks, Doe, Anderson, and Martin subjected him to lockdown conditions and deprived him of medical treatment in violation of the Eighth Amendment, the Due Process Clause, and the NJCRA. Bay-e-te claims that Jones and Brooks, as correctional officers, failed to safeguard his rights, privileges, and immunities from unreasonable abridgement; that Doe as a doctor and Anderson as a nurse provided him medicine that his medical file showed he should not have received; and that Dr. Martin failed to examine him sufficiently in response to complaints of pain during the lockdown.

In July 2009, the District Court granted a motion to dismiss Bay-e-te's federal claims against defendants Ricci, Mee, and Martin in their official capacities. In January 2011, the District Court granted those defendants' motion for summary judgment in their individual capacities. The court subsequently granted defendant Seaisle Jones's motion to dismiss and, in January 2012, dismissed Bay-e-te's claims against the remaining defendants, Brooks and Anderson. Bay-e-te appeals.

II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of orders dismissing under Fed. R. Civ. P. 12(b)(6) and granting summary judgment is plenary. Phillips v.

---

using "Bayete" in his original filings, we will use it in this opinion.

3

Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) (Rule 12(b)(6)); State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009) (summary judgment). We also exercise plenary review over a district court's legal conclusions as to statute of limitations issues, United States v. Hoffecker, 530 F.3d 137, 168 (3d Cir. 2008), but we accept the district court's underlying factual findings regarding the statute of limitations unless clearly erroneous. Id.

III.

We first consider the District Court's dismissal of Bay-e-te's federal claims against defendants Michelle Ricci, Donald Mee, and Dr. Allan Martin in their official capacities, and its subsequent grant of their motions for summary judgment in their individual capacities. When considering a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, a court must accept as true all material allegations, read the complaint in the light most favorable to the plaintiff, and decide whether, under any reasonable understanding of the complaint, the plaintiff may be entitled to relief. Fleisher v. Standard Ins. Co., 679 F.3d 116 (3d Cir. 2012). To survive such a motion, a complaint must include sufficient allegations, taken as true, to state a facially plausible claim to relief. Id.

The Eleventh Amendment bars federal suits for damages against state officers in their official capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991). Moreover, state officers sued in their official capacities for money damages are not "persons" within the meaning

4

of Section 1983. Id. at 27. Consequently, the District Court correctly dismissed Bay-e-te's complaint against defendants in their official capacities.

A party moving for summary judgment must show that there exists no real issue as to any material fact and that the movant is thus entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). On appeal from an order granting a motion to dismiss or for summary judgment, we view the facts in the light most favorable to the nonmoving party, Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002), but the party opposing summary judgment "may not rest upon . . . mere allegations." Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). We agree with the District Court that defendants showed that there was no genuine dispute as to any material fact with respect to Bay-e-te's claims against them in their individual capacities.

In the context of claims based on medical care, a prison official cannot be found liable under the Eighth Amendment unless the plaintiff demonstrates that the official was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976).[2] Supervisor liability requires a showing of personal involvement in the alleged wrongs. Beers-Capitol v. Whetzel, 256 F.3d 120, 135 (3d Cir. 2001). A violation of any due process rights a prisoner may have under the Fourteenth Amendment requires a

---

[2] The same applies for the claims pursuant to the NJCRA, because the test for cruel and unusual punishment under the New Jersey state Constitution "is generally the same as that applied under the federal Constitution." State v. Ramseur, 524. A.2d 188, 210 (N.J. 1987).

showing of "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484.

Defendants Ricci and Mee showed that they did not implement a policy prohibiting medical treatment or transfer to the medical clinic or an outside hospital during the lockdown, that other inmates were in fact taken to the prison medical clinic and outside hospitals during the lockdown, and that Bay-e-te himself was seen by medical-care providers during the lockdown. Because Bay-e-te responded with nothing more than unsupported assertions, he was unable to create a genuine dispute as to material facts as to those defendants.

Similarly, Defendant Martin showed that he met with Bay-e-te during the lockdown, that he prescribed a painkiller for the pain that he complained of, and that Bay-e-te did not mention the pain in his foot that he has subsequently complained of. Again, Bay-e-te responded with nothing more than unsupported assertions. Accordingly, the District Court did not err in granting summary judgment in favor of Ricci, Mee, and Martin.

IV.

We next consider the dismissal of defendants Jones and Brooks. In New Jersey, the statute of limitations for civil rights actions brought under Section 1983 is two years. Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). A limitations defense may be raised by Rule 12(b)(6) motion provided that the time alleged in the

6

statement of the claims shows on its face that the cause of action has been brought beyond the statute of limitations. <u>Robinson v. Johnson</u>, 313 F.3d 128, 135 (3d Cir. 2002).

Jones and Brooks moved for dismissal because the events that gave rise to Bay-e-te's claims against them involve a prison lockdown that occurred in August and September 2006. Bay-e-te did not name Jones or Brooks until over three years had passed, in February 2010. Accordingly, the District Court's dismissal of Bay-e-te's claims against Jones and Brooks as time-barred was proper.[3]

V.

Thus finding no substantial question raised by this appeal, we will summarily affirm the judgment of the District Court.

---

[3] Dismissal of the remaining defendant, Anderson, was also proper. As the District Court noted, she had never been served and, at the time Bay-e-te filed his complaint, it was clear from the allegations that the statute of limitations had run. <u>See</u>, <u>e.g.</u>, <u>Ray v. Kertes</u>, 285 F.3d 287, 297 (3d Cir. 2002) (<u>sua</u> <u>sponte</u> dismissal is proper where the defense is manifest on the face of the complaint). The John Doe defendant was never specifically named or made part of the action. We note that the claims against him are as untimely as those against Anderson.